Hope Pordy
SPIVAK LIPTON LLP
1700 Broadway
New York, New York 10019
Tel: (212) 765-2100
Fax: (212) 541-5429
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELEAZAR DOLORES and MOISES DOLORES, individually, and on behalf of similarly-situated employees, <br><br>         Plaintiff, <br><br>    v. <br><br> JSCM CORP., d/b/a TAL BAGELS, INC., HAE JOO MINN, and SUNG KEY MINN, <br><br>          Defendants. | **COMPLAINT and DEMAND FOR JURY TRIAL** <br><br> Case No. |

Plaintiff Eleazar Dolores and Moises Dolores (collectively referred to herein as "Plaintiffs"), individually and on behalf of other similarly-situated employees through their attorneys, Spivak Lipton LLP, allege as follows:

## NATURE OF ACTION

1.   This action seeks monetary, declaratory and injunctive relief to redress violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; the New York Labor Law ("NYLL"), §§ 190, 650 et seq.; and supporting regulations.

2.   Defendant JSCM Corp., d/b/a Tal Bagels, Inc., ("Tal Bagels") is a restaurant located at 2446 Broadway, New York, New York 10024.

3.   Defendant Hae Joo Minn has been an owner, operator, and/or manager of a restaurant operated under the name Tal Bagels.

1

4.    Defendant Sung Key Minn has been an owner, operator and/or manager of a restaurant operating under the name Tal Bagels.

5.    Plaintiff Eleazar Dolores worked in food delivery at Tal Bagels, located at 2446 Broadway, New York, New York 10024, from approximately October 2015 to in or around October 2016 and returned in January 2017 to February 2017.

6.    In addition to Plaintiff Eleazar Dolores, other individuals have been employed as delivery workers at Tal Bagels and subjected to the same terms and conditions of employment as Plaintiff Eleazar Dolores.

7.    Plaintiff Eleazar Dolores and all delivery workers similarly-situated seek certification of this action as a collective action on behalf of all similarly-situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

8.    Plaintiff Moises Dolores worked in food preparation and counter-service at Tal Bagels, located at 2446 Broadway, New York, New York 10024, from approximately October 2015 to in or around October 2016 to in or around June 2017.

9.    In addition to Plaintiff Moises Dolores, other individuals have been employed as food preparers and counter-service workers at Tal Bagels and subjected to the same terms and conditions of employment as Plaintiff Moises Dolores.

10.    Plaintiff Moises Dolores and all food preparation and counter-service workers seek certification of this action as a collective action on behalf of all similarly-situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

11.    Defendants have willfully engaged in violations of the FLSA and NYLL by: (a) failing to pay Plaintiffs and other similarly-situated employees wages at the minimum hourly rate required under federal and state law, (b) failing to pay Plaintiffs and other similarly-situated

employees overtime compensation at one and one-half times their regular rate of pay for time worked in excess of 40 hours, and (c) failing to pay Plaintiffs and other similarly-situated employees "spread of hours pay" as required by N.Y. Comp. Codes R. & Regs. tit. 12, §137-3.11, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (2010), for each day of work which Plaintiffs and other similarly-situated employees' spread of hours exceeded ten.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over the FLSA claims by Plaintiffs and any other similarly-situated employees pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

13.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs Eleazar Dolores and Moises Dolores have consented in writing to become a party to this lawsuit. Plaintiffs' executed consent forms are attached hereto as Exhibit A.

14.    This Court has jurisdiction over the NYLL claims of Plaintiffs and other similarly-situated employees pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to the FLSA claims of Plaintiffs and other similarly-situated employees as to form parts of the same case or controversy under Article III of the United States Constitution.

15.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202.

16.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## **PARTIES**

<u>Plaintiffs</u>

17.     Eleazar Dolores is an adult individual residing in New York, New York.  He was employed in food delivery at Tal Bagels from approximately October 2015 to in or around October 2016 and returned from January 2017 to February 2017.

18.     Moises Dolores is an adult individual residing in New York, New York.  He has been employed as a food preparation and counter-service worker at Tal Bagels from approximately October 2015 to the present.

<u>Defendants</u>

19.     JSCM Corp., d/b/a Tal Bagels, Inc., is a domestic business corporation registered as doing business in New York, with its principal office listed in New York, New York.

20.     Hae Joo Minn is the chief executive officer, owner, principal and/or manager of Tal Bagels.

21.     Sung Key Minn is the chief executive officer, owner, principal and/or manager of Tal Bagels.

22.     JSCM Corp., d/b/a Tal Bagels, Inc,, is a domestic business corporation registered as doing business in New York, with its principal office listed in New York, New York.

23.     Upon information and belief Tal Bagels, has been an enterprise engaged in commerce in that it (i) has had employees engaged in commerce or in the production of goods for commerce or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000 exclusive of excise taxes.  29 U.S.C. § 203(s)(1)(A).

Owner/Operator Defendants

24.     Upon information and belief, Defendant Hae Joo Minn owns all or part of Tal Bagels.

25.     Upon information and belief, Defendant Sung Key Minn owns all or part of Tal Bagels.

26.     Hae Joo Minn is sued individually in her capacity as employer.

27.     Sung Key Minn is sued individually in his capacity as employer.

28.     At all relevant times, Hae Joo Minn has directed the operation of and exercised financial control over Tal Bagels.

29.     At all relevant times, Sung Key Minn has directed the operation of and exercised financial control over Tal Bagels.

30.     At all relevant times, Hae Joo Minn has promulgated the employment policies of Tal Bagels.

31.     At all relevant times, Sung Key Minn has promulgated the employment policies of Tal Bagels.

32.     At all relevant times, Hae Joo Minn has exercised direct control over Plaintiffs' employment at Tal Bagels, by directing the work of Plaintiffs and other similarly-situated employees, overseeing the computation and distribution of the wages of Plaintiffs and other similarly-situated employees and the making of employee schedules.

33.     At all relevant times Sung Key Minn has exercised direct control over Plaintiffs' employment at Tal Bagels, by directing the work of Plaintiffs and other similarly-situated employees, overseeing the computation and distribution of the wages of Plaintiffs and other similarly-situated employees and the making of employee schedules.

34.     At all relevant times, Hae Joo Minn has had the power to hire and fire Plaintiffs and other similarly-situated employees.

35.     At all relevant times, Sung Key Minn has had the power to hire and fire Plaintiffs and other similarly-situated employees.

36.     At all relevant times, Defendant Hae Joo Minn has had the power to control the terms and conditions of the employment of Plaintiffs and other similarly-situated employees at Tal Bagels, including the hours, meals, breaks and duties.

37.     At all relevant times, Defendant Sung Key Minn has had the power to control the terms and conditions of Plaintiffs and other similarly-situated employees' employment at Tal Bagels, including hours of work, meals, breaks and duties.

38.     At all relevant times, Defendant Hae Joo Minn has had the power to determine or change the rate and methods of compensation of Plaintiffs and other similarly-situated employees.

39.     At all relevant times, Defendant Sung Key Minn has had the power to determine or change the rate and methods of compensation of Plaintiffs and other similarly-situated employees.

40.     At all relevant times, Defendant Hae Joo Minn has had the power to maintain employment records concerning Plaintiffs and other similarly-situated employees and to comply with wage and hour laws.

41.     At all relevant times, Defendant Sung Key Minn has had the power to maintain employment records concerning Plaintiffs and other similarly-situated employees and to comply with wage and hour laws.

## STATEMENT OF FACTS

42.    At all relevant times, Defendants were employers of Plaintiffs and other similarly-situated employees within the meaning of the FLSA, the NYLL and supporting regulations. 29 U.S.C. § 203(d), N. Y. Lab. Law §§ 190(3) and 651(6).

43.    At all relevant times, Plaintiffs and other similarly-situated employees were employees of and employed by Defendants, and Plaintiffs and other similarly-situated employees were permitted to work by Defendants within the meaning of the FLSA and NYLL.  29 U.S.C. § 203(e), and N. Y. Lab. Law § 651(5).

44.    All of the work performed by Plaintiffs and other similarly-situated employees was assigned, required and/or permitted by Defendants.

45.    At all relevant times, Plaintiffs and other similarly-situated employees were employed by Defendants to work six days a week.

46.    At all relevant times, Plaintiffs and other similarly-situated employees were schedule to work 10 or more hours per day.

47.    At all relevant times, Plaintiffs and other similarly-situated employees worked approximately 60 or more hours per week but Defendants never paid wages at the overtime rate under federal and state law for hours worked in excess of 40 during each workweek.

48.    At all relevant times, Defendants did not post a work schedule reflecting Plaintiffs and other similarly-situated employees' scheduled hours of work.

49.    At all relevant times, Defendants did not require Plaintiffs and other similarly-situated employees to "punch-in" on "punch-out" to record their and/or use any hours of work by using any type of computerized or mechanical timekeeping system.

Delivery workers

50.     Defendants assigned Plaintiff Eleazar Dolores and other similarly-situated delivery worker employees to perform various duties, including but not limited to delivering food orders, cleaning (bathrooms, floors, basement, tables, etc.), cooking bagels throughout the day, stocking the refrigerator, washing dishes, unloading delivery trucks, receiving and stocking supplies, and maintenance.

51.     As a condition of their employment, Defendants required Plaintiff Eleazar Dolores and other similarly-situated delivery worker employees to purchase and maintain bicycles and accessories for use in making deliveries.

52.     The use of bicycles by Plaintiff Eleazar Dolores and other similarly-situated delivery worker employees to make deliveries inured to the benefit of Defendants.

53.     Defendants did not reimburse Plaintiff Eleazar Dolores and other similarly-situated delivery worker employees for any expenses incurred in making deliveries by bicycle, including but not limited to the purchase of bicycles, locks, repairs and maintenance.

54.     On each day that Plaintiff Eleazar Dolores and other similarly-situated delivery worker employees worked, they received tips when they delivered food to customers.

55.     The non-tipped duties performed by Plaintiff Eleazar Dolores and other similarly-situated delivery worker employees were not related to or incidental to the delivery of food to customers.

56.     On each day that Plaintiff Eleazar Dolores and other similarly-situated delivery worker employees worked, Plaintiffs and other similarly-situated employees spent a substantial amount of time, more than 20%, performing non-tipped duties.

57.     Plaintiff Eleazar Dolores and other similarly-situated delivery worker employees received tips from customers only when they deliver food.

Food Preparers and Counter-service Workers

58.     Defendants assigned Plaintiff Moises Dolores and other similarly-situated food preparation and/or counter-service employees to perform various duties, including but not limited to taking food orders; operating cash register; preparing food such as salads; making coffee, washing and drying the floors; sweeping and mopping the floors; washing dishes; assisting with unloading delivery trucks; cleaning the customer area; cleaning the ceiling; throwing out the trash; and cleaning outside of the restaurant.

59.     The non-tipped duties performed by Plaintiff Moises Dolores and other food preparation and/or counter-service employees similarly-situated employees were not related to or incidental to the work as counter-service.

60.     On each day that Plaintiff Moises Dolores and other similarly-situated food preparation and/or counter-service employees worked, Plaintiff Moises Dolores and such similarly-situated employees spent a substantial amount of time, more than 20%, performing non-tipped duties.

61.     Plaintiff Moises Dolores and other similarly-situated food preparation and/or counter-service employees received tips from customers only when they worked as counter-service and those tips were minimal and insufficient to satisfy the tip credit.

**KNOWING AND INTENTIONAL ACTS**

62.     Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

63.    At all relevant times, Defendants failed to pay Plaintiffs and other similarly-situated employees at the minimum hourly rate under the FLSA and/or the NYLL for all hours worked.

64.    At all relevant times, Defendants failed to pay Plaintiffs and other similarly-situated employees overtime pay for hours they worked in excess of forty in a week at the appropriate rate under the FLSA and/or the NYLL.

65.    Defendants have knowingly, intentionally and willfully committed the acts alleged herein.

66.    Defendants have not acted in good faith.

67.    Defendants have known that the nonpayment of minimum wage, overtime pay and spread of hours pay would financially injure Plaintiffs and other similarly-situated employees.

68.    The regulations promulgated under the FLSA and the NYLL require an employer to maintain in the workplace a conspicuous display containing notices of employees' rights to receive the minimum wage and overtime at the rate of one-and-one-half times their regular rate of pay.  29 C.F.R. § 516.4; 12 N.Y.C.R.R. § 137-2.3.  Defendants did not maintain in the workplace a conspicuous display containing notices of employees' right to receive the minimum wage and overtime pay at all times and in all of Defendants' restaurants.

69.    Defendants have known that Plaintiffs and other similarly-situated employees do not read English.

70.    Defendants did not maintain in the workplace a conspicuous display containing Spanish-language notices of employees' right to receive the minimum wage and overtime pay at all times and in all of Defendants' restaurants.

71.     Defendants did not display at all times or in all of Defendants' restaurants a copy of §§ 193 and 196-d of the NYLL regarding the prohibition on illegal wage deductions and the illegality of employers demanding or accepting any portion of employees' tips as required by § 198-d of the NYLL.

72.     Defendants did not display at all times or in all of Defendants' restaurants a Spanish-language copy of §§ 193 and 196-d of the NYLL.

73.     Defendants did not provide Plaintiffs at the time of hiring with a written statement of their hourly rate of pay, overtime rate of pay, and regular pay day.

74.     Defendants did not inform Plaintiffs and other similarly-situated employees of the provisions of Section 3(m) of the FLSA, 29 U.S.C. § 203(m), or explain to Plaintiffs and other similarly-situated employees the method used by Defendants to calculate the wages of Plaintiffs and other similarly-situated employees.


**FIRST CAUSE OF ACTION (FLSA: MINIMUM WAGE VIOLATION)**

75.     Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

76.     At all relevant times, Section 6 of the FLSA, 29 U.S.C. § 206, required Defendants to pay a minimum hourly wage to Plaintiffs and other similarly-situated employees.

77.     At all relevant times Defendants were not entitled to take a tip credit with respect to any of the wages of Plaintiffs and other similarly-situated employees because they failed to inform Plaintiffs and other similarly-situated employees of the FLSA's requirements related to the tip credit and failed to advise Plaintiffs and other similarly-situated employees of the manner

in which Defendants were calculating the wages of Plaintiffs and other similarly-situated employees. 29 U.S.C. § 203(m), 29 C.F.R. § 516.4.

78.     At all relevant times, Defendants were not entitled to take a tip credit with respect to the wages of Plaintiffs and other similarly-situated employees because they assigned Plaintiffs and other similarly-situated employees duties incidental to their tip producing duties for more than 20% of their shift and/or they assigned Plaintiffs and other similarly-situated employees' non-tipped duties for a substantial portion of their shifts. 29 U.S.C. § 203(m) and (t); 29 C.F.R. §§ 516.28, 531.56(e), 531.59; U.S. Department of Labor, Field Operations Handbook, Chapter 30, Section 30d00(e) (Dec. 9, 1988).

79.     Throughout their employment, Defendants failed to pay Plaintiffs and other similarly-situated employees the applicable minimum hourly wage for every hour in each week that Plaintiffs and other similarly-situated employees worked, in violation of Section 6 of the FLSA, 29 U.S.C. § 206.

80.     Defendants' failure to pay Plaintiffs and other similarly-situated employees the proper minimum wage violates 29 U.S.C. § 201 et seq.

81.     Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

82.     Plaintiffs and other similarly-situated employees have been damaged in an amount as yet undetermined plus liquidated damages.

## SECOND CAUSE OF ACTION (FLSA: OVERTIME VIOLATION)

83.     Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

84.     Both the FLSA and New York Labor Law require that Defendants pay overtime at a rate of one-and-one-half times the regular rate of pay for each hour of work over forty hours in a week.  29 U.S.C. § 207, N.Y. Lab. Law § 650 et seq.

85.     Defendants did not pay Plaintiffs and other similarly-situated employees overtime pay for the hours they worked in excess of forty in a week.

86.     Defendants' failure to pay Plaintiffs and other similarly-situated employees overtime for each hour worked over forty in a week violates 29 U.S.C. § 201 et seq.

87.     Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiffs and other similarly-situated employees have been damaged in an amount as yet undetermined plus liquidated damages.

### THIRD CAUSE OF ACTION (N.Y. LAB. LAW: MINIMUM WAGE)

89.     Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

90.     At all times relevant to this action, the New York Labor Law § 652 required employers in the restaurant industry to pay a minimum hourly wage. N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2 (2010).

91.     At all times relevant to this action, Defendants were not entitled to the tip allowance or tip credit with respect to any of Plaintiffs' and other similarly-situated employees' wages because they failed to provide Plaintiffs and other similarly-situated employees with a statement of allowances and credits claimed with every payment of wages.  N.Y. Comp. Codes

R. & Regs. tit. 12 § 137-2.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 2.2, 146-2.4 (2010).

92.     At all times relevant to this action, Defendants were not entitled to the tip allowance or tip credit with respect to any of the wages of Plaintiffs and other similarly-situated employees because Plaintiffs and other similarly-situated employees were not "service employees" within the meaning of N.Y. Comp. Codes R. & Regs. tit. 12 § 137.3.3 and § 146-3.3, in that each day that Plaintiffs and other similarly-situated employees worked Defendants assigned Plaintiffs and other similarly-situated employees to work in an occupation in which tips are not customarily received for more than 2 hours or for more than 20% of Plaintiffs' and other similarly-situated employees' shift. N.Y. Comp. Codes R. & Regs. tit. 12 § 137.3.3, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-2.9, 146-3.3 (2010).

93.     Throughout their employment, Defendants failed to pay Plaintiffs and other similarly-situated employees the applicable minimum hourly wage for every hour in each week that Plaintiffs and other similarly-situated employees worked, in violation of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, 137-1.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.2 (2010).

94.     Said violations were not in good faith within the meaning of N.Y. Lab. Law §§ 198.1-a and 663.

95.     Plaintiffs and other similarly-situated employees have been damaged in an amount as yet undetermined plus liquidated damages.

## FOURTH CAUSE OF ACTION (N.Y. LAB. LAW: OVERTIME VIOLATION)

96.     Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

97.     The New York Labor Law requires that employers in the restaurant industry pay employees overtime compensation at the rate of one and one-half times the regular rate of pay for each hour of work over forty hours in one work week.  N.Y. Lab. Law § 650 et seq., N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4 (2010).

98.     Throughout their employment, Plaintiffs and other similarly-situated employees regularly worked over forty hours per week.

99.     Nonetheless, Defendants failed to pay Plaintiffs and other similarly-situated employees the overtime compensation at the applicable overtime rate for every hour Plaintiffs and other similarly-situated employees worked in excess of forty hours, as required by the New York Labor Law.  N.Y. Lab. Law § 650 et seq. and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4 (2010).

100.    Said violations were not in good faith within the meaning of N.Y. Lab. Law §§ 198.1-a and 663.

101.    Plaintiffs and other similarly-situated employees have been damaged in an amount as yet undetermined plus liquidated damages.

## SIXTH CAUSE OF ACTION (FLSA: KICKBACKS)

102.    Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

103.    The regulations promulgated under the FLSA provide that wages cannot be considered to have been paid unless they are paid finally and unconditionally and without a direct or indirect "kickback" to the employer. 29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35.

104.    An employer receives an indirect "kickback" when it requires employees to purchase tools of their trade which will be used in or are specifically required for the performance of their work. 29 C.F.R. § 531.35.

105.    Defendants regularly obtained kickbacks from Plaintiff Eleazar Dolores and other similarly-situated delivery worker employees by requiring Plaintiffs and other similarly-situated employees to purchase and maintain bicycles.

106.    Defendants' receipt of unlawful kickbacks from the wages of Plaintiffs and other similarly-situated employees in violation of 29 U.S.C. § 201 et seq., and 29 C.F.R. § 531.35, further reduces the wages of Plaintiffs and other similarly-situated employees below the minimum hourly wage in violation of the FLSA, 29 U.S.C. § 206(a) and applicable regulations, 29 C.F.R. § 531.35.

107.    Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

108.    Plaintiffs and other similarly-situated employees have been damaged in an amount as yet undetermined plus liquidated damages.

## SEVENTH CAUSE OF ACTION
## (N.Y. LAB LAW: UNLAWFUL DEDUCTIONS AND KICKBACKS)

109.    Plaintiff Eleazar Dolores and other similarly-situated delivery worker employees repeat and reallege all of the paragraphs above.

110.    New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law or those made for the benefit of the employee which are expressly authorized in writing by the employee. N.Y. Lab. Law § 193(1).

111.    New York Labor Law § 193(2) prohibits employers from making any charge against an employee's wages or requiring an employee to make any payment by separate transaction, unless such payment is a permitted deduction pursuant to § 193(1). N.Y. Lab. Law § 193(2).

112.    New York Labor Law § 198-b prohibits Defendants from receiving "kickbacks" from Plaintiffs and other similarly-situated employees. N.Y. Lab. Law § 198-b.

113.    Title 12 of the Rules and Regulations of New York provides that the minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by his employer. N.Y. Comp. Codes R. & Regs. tit. 12 § 137-2.5, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.7 (2010).

114.    In requiring Plaintiff Eleazar Dolores and other similarly-situated delivery worker employees to purchase and maintain bicycles used for deliveries, Defendants violated N.Y. Lab. Law §§ 193 and 198-b, and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5, repealed in part effective January 1, 2011, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.7 (2010), and Defendants have further reduced the compensation of Plaintiff Eleazar Dolores and other similarly-situated delivery worker employees below the

applicable minimum hourly wage in violation of New York Labor Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, §§ 137-1.1 and 137-1.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.1, 146-1.2 (2010).

115. Said violations were not in good faith within the meaning of New York Labor Law §§ 198.1-a and 663.

116. Plaintiff Eleazar Dolores and other similarly-situated delivery worker employees have been damaged in an amount as yet undetermined plus liquidated damages.

## EIGHTH CAUSE OF ACTION (N.Y. LABOR LAW: FAILURE TO PROVIDE NOTICE AND WAGE STATEMENTS)

117. Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

118. Defendants failed to provide to Plaintiffs and other similarly-situated employees' wage and hour notices in English and Plaintiffs and other similarly-situated employees' primary language, Spanish, at the beginning of their employment and thereafter as required by NYLL § 195(1) and N.Y. Comp. Codes R. & Regs. tit. 12 § 146-2.2.

119. Defendants failed to provide Plaintiffs and other similarly-situated employees a statement with every payment of wages identifying, *inter alia*, the date of work, the rate of pay, gross wages, net wages, and any allowances claimed as part of the minimum wage (e.g., the tip credit) in accordance with NYLL § 195(3).

120. As a result of Defendants' violations of NYLL §§ 195(1) and (3), Plaintiffs and other similarly-situated employees may recover damages of fifty dollars for each workweek Defendants failed to provide Plaintiffs and other similarly-situated employees with a wage

notice, not to exceed a total of twenty-five hundred dollars, together with costs and reasonable attorney's fees in accordance with NYLL § 198.

## NINTH CAUSE OF ACTION (N.Y. LAB. LAW: SPREAD OF HOURS PAY)

121.    Plaintiffs repeat and reallege all of the paragraphs above.

122.    Section 137-1.7 of the New York State Department of Labor Regulations requires that Defendants pay Plaintiffs an extra hour's pay at the minimum wage for each day of work in which Plaintiffs' "spread of hours" exceeds ten. "Spread of hours" is the interval between the beginning and end of an employee's workday. N.Y. Comp. Codes R. & Regs tit. 12 §§ 137-1.6, 137-3.11, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.6 (2010).

123.    Defendants' failure to pay Plaintiffs spread of hours pay violates New York Labor Law § 650 et seq. and supporting regulations. N.Y. Comp. Codes R. & Regs tit. 12 §§ 137-1.6, 137-3.11, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.6 (2010).

124.    Said violations were not in good faith within the meaning of N.Y. Lab. Law §§ 198.1-a and 663.

125.    Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages.

## TENTH CAUSE OF ACTION (UNJUST ENRICHMENT)

126.    Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

127.     Defendants have been unjustly enriched by withholding wages rightfully belonging to Plaintiffs in violation of the FLSA and New York Labor Law.

128.     Under equity and good conscience, Defendants must make restitution to Plaintiffs and other similarly-situated employees of those unlawfully withheld wages in an amount as yet undetermined plus damages.

## PRAYER FOR RELIEF

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and other similarly-situated employees respectfully request the following relief:

(a)     Designating this action as a collective action and authorizing prompt issuance of a notice pursuant to 29 U.S.C. 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA Claims in this action.

(b)     A judgment declaring that each Defendant's conduct complained of herein violated Plaintiffs and other similarly-situated employees' rights guaranteed by the FLSA, the New York Labor Law, and associated regulations and orders;

(c)     An injunction against Defendants and any of their representatives from engaging in each of the unlawful practices, policies and patterns described in the causes of action set forth in this Complaint;

(d)     A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for compensation for unpaid minimum wage and overtime due each Plaintiffs and other similarly-situated employees under Sections 6 and 7 of the FLSA and an additional equal amount as liquidated damages;

(e)     A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for compensation for unpaid minimum wage and overtime due Plaintiffs and other similarly-situated employees under the New York Labor Law, and, as liquidated damages, an additional amount equal to 100% of the total monies due Plaintiffs and other similarly-situated employees;

(f)     A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for unlawful deductions, kickbacks and gratuities taken by Defendants, and an additional amount as liquidated damages;

(g)     A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for failure to pay spread of hours pay, and an additional amount as liquidated damages;

(h)     A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for two-hundred fifty dollars for each day that Defendants failed to provide a Wage Notice and Wage Statements in violation of NYLL §§ 195(1) and (3);

(i)     A judgment for Plaintiffs and other similarly-situated employees and against

Defendants jointly and severally for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and

New York Labor Law §§ 198 and 663;

(j)     Pre-judgment and post-judgment interest; and

(k)     Such other and further relief that the Court deems just and proper.


Dated: New York, New York
       June 2, 2017



Respectfully submitted,

Hope Pordy
hpordy@spivaklipton.com
SPIVAK LIPTON LLP
1700 Broadway, 21st Floor
New York, New York 10019
Tel: (212) 765-2100
Fax: (212) 765-8954
*Attorneys for Plaintiffs*