# Attachment B

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

### [CORRECTED]

This agreement ("Agreement") is by and between ELEAZAR DOLORES and MOISES DOLORES (hereinafter referred to as "Plaintiffs") and JSCM CORP. d/b/a TAL BAGELS, INC. HAE JOO MINN and SUNG KEY MINN, (hereinafter referred to as "JSCM Defendants") ("Plaintiffs" and "JSCM Defendants" collectively referred to as the "Parties.")

**WHEREAS**, Plaintiffs, having filed a lawsuit in the United States District Court for the Southern District of New York against JSCM CORP. d/b/a TAL BAGELS, INC., HAE JO MINN, and SUNG KEY MINN (collectively referred to as "Defendants") bearing Civil Action Number 1:17-cv-04152 ("Civil Action"); and

**WHEREAS**, Plaintiffs and JSCM Defendants seek to amicably resolve any and all matters in controversy, disputes, causes of action, claims, contentions, and differences between them related to the Civil Action; and

**WHEREAS**, Plaintiffs, in consultation with their attorney, Hope Pordy, Esq., Spivak Lipton, LLP, 1700 Broadway, Suite 2100, New York, New York 10019 (hereinafter referred to as "Counsel for Plaintiffs) have analyzed and evaluated the merits of the claims made against JSCM Defendants and the impact of this Agreement on Plaintiffs and based upon such analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Complaint, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of Plaintiffs.

**WHEREAS**, JSCM Defendants, in consultation with their attorney, Elizabeth R. Gorman, Esq., Milber Makris Plousadis & Seiden, LLP, 1000 Woodbury Road, Suite 402,

*Formatted: Line spacing: single*

Woodbury, New York 11797 (hereinafter referred to as "Counsel for Defendants"), analyzed and evaluated the merits of the claims made against JSCM Defendants and their defenses, and the impact of this Agreement on JSCM Defendants and based upon such analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Complaint, if not settled now, might result in a recovery less favorable to JSCM Defendants, JSCM Defendants are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of JSCM Defendants.

**NOW, THEREFORE**, in consideration for the sums as outlined below, Plaintiffs and JSCM Defendants have reached a full and final compromise and settlement of any and all matters in controversy, and hereby agree as follows:

1. **NO ADMISSION OF LIABILITY:** The Parties hereto recognize and agree that the JSCM Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of, or growing out of, the matters set forth in the Complaint filed on June 2, 2017, Case No.: 1:17-cv-04152-GHW ("Complaint"), or which could have been raised in a lawsuit, or which otherwise involve Plaintiffs' employment relationship with the JSCM Defendants and the termination of Plaintiffs' employment relationships.

2. **RELEASE:** In consideration for the payment called for herein, Plaintiffs (sometimes hereinafter referred to as the "Releasors"), do hereby completely, irrevocably and unconditionally release and forever discharge JSCM Defendants, their representatives, divisions, affiliates, subsidiaries, parents, present and former officers, agents, shareholders, directors, trustees, insurers, employee benefit plans, attorneys, employees and each and every one of them and their heirs, executors, administrators, successors and assigns, HAE JOO MINN, SUNG KEY

MINN, their heirs, executors, administrators, successors and assigns, (all of which are hereinafter referred to collectively as "Releasees") from any and all claims alleged in the Complaint, for any wage and hour violations under state and/or local law, including but not limited to, any and all State Law Claims, the New York Labor Laws, the New York Wage Theft Prevention Act, and the New York Miscellaneous Industries Wage Order, each as amended, or any other federal, state or municipal law including the Fair Labor Standards Act; as well as any actions, claims, grievances, complaints, administrative claims and demands whatsoever that Plaintiffs had or now has or may have against JSCM Defendants and/or the Releasees for overtime, commissions, unpaid wages, whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, back pay, improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, severance pay, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with the JSCM Releasees.

3. **DISMISSAL OF ACTION:** Plaintiffs further understand and agree that this Agreement is made conditional upon receipt by JSCM Defendants' counsel of a fully executed original of this Agreement by Plaintiffs and a fully executed Stipulation and Order of Dismissal with Prejudice as against JSCM Defendants in the form attached hereto as Exhibit A. Plaintiffs will submit the Stipulation and Order of Dismissal with prejudice within five (5) days of payment, as set forth in Paragraph 4 of this agreement.

4. **PAYMENT:** In consideration for Plaintiffs': (1) dismissal of the claims alleged in the Complaint; (2) the release contained in Paragraph 2 herein; and (3) the promises and agreements set forth herein, JSCM Defendants agree to pay Plaintiffs, as full and complete settlement and final satisfaction of any and all of Plaintiffs' claims, the sum of $44,000.00 (Forty-Four Thousand and 00/100 Dollars). JSCM Defendants and its insurer shall each provide

their respective checks within twenty-one (21) days after Plaintiffs deliver this Agreement fully-executed by Plaintiffs, completed Affidavits of Non-Medicare Eligibility, a completed, fully executed IRS Form W-4 from each Plaintiff, completed, fully-executed IRS Form W-9s for both Plaintiffs and Counsel for Plaintiffs to Counsel for the JSCM Defendants, and the Court's approval of this Agreement. Said payment shall be allocated in accordance with Exhibit B attached hereto as follows:

(a) A payment of $~~19,380~~17,320.00 (~~Nineteen~~Seventeen Thousand Three Hundred ~~Eighty~~Twenty and 00/100 Dollars) to Eleazar Dolores in the form of two checks made payable to Eleazar Doloreas as follows (i) one check in the amount of $5,~~814~~196.00 (Five Thousand ~~Eight~~One Hundred ~~Fourteen~~Ninety Six and 00/100 Dollars), less applicable withholdings, as wage-based compensatory damages, for which JSCM Defendants shall issue a Form W-2 reflecting said payment and (ii) one check in the amount of $~~13,566~~12,124.00 (~~Thirteen~~Twelve Thousand ~~Five Hundred Sixty-Six~~One Twenty Four and 00/100 Dollars) as non-wage compensation from which no withholdings or deductions shall be taken, and for which JSCM Defendants shall issue a Form 1099-MISC, using Box 3 of Form 1099-MISC.

(b) A payment of $~~12,920.00 (Twelve~~11,546.67 (Eleven Thousand ~~Nine~~Five Hundred ~~Twenty~~Forty Six and ~~00~~67/100 Dollars) to Moises Dolores in the form of two checks made payable to Moises Dolores as follows (i) one check in the amount of $3,~~876~~464.00 (Three Thousand ~~Eight~~Four Hundred ~~Seventy-Six~~Sixty Four and 00/100 Dollars), less applicable withholdings, as wage-based compensatory damages, for which JSCM Defendants shall issue a Form W-2 reflecting said payment and (ii) one check in the amount of $~~9,044.00 (Nine~~8,082.67 (Eight Thousand ~~Forty-Four~~Eighty-Two and ~~00~~67/100 Dollars) as non-wage compensation from

which no withholdings or deductions shall be taken, and for which JSCM Defendants shall issue a Form 1099-MISC, using Box 3 of Form 1099-MISC.

(c) A lump sum payment in the amount of $~~11,700.00 (Eleven~~15,133.33 (Fifteen Thousand ~~Seven~~One Hundred Thirty Three and ~~00~~33/100 Dollars) in the form of a check made payable to "Spivak Lipton, LLP" for attorneys' fees and disbursements associated with the representation of Plaintiffs. JSCM Defendants shall issue an IRS Form 1099 to Spivak Lipton, LLP reflecting said payment.

Said payments shall be delivered to Plaintiffs' counsel: Hope Pordy, Esq., Spivak Lipton, LLP, 1700 Broadway, Suite 2100, New York, New York 10019.

**5.    DEFAULT OR LATE PAYMENT:**

In the event JSCM Defendants fail to make the payments provided for herein, Plaintiffs shall provide Defendants with written notice of default and provide a reasonable time to cure, which shall be five (5) business days following the notice of default. Should Defendants fail to cure within that time frame, (a) each Defendant shall be jointly and severally liable in the event of default, and (b) Defendants shall pay Plaintiffs' reasonable attorneys' fees and costs associated with enforcement of the Agreement. Plaintiffs also, in the event of default, expressly reserve the right to litigate the claims alleged in the Civil Action identified herein as if the parties had not settled the matter.

**6.    NO OTHER PAYMENTS OR OTHER BENEFITS DUE AND OWING:**
Plaintiffs hereby acknowledge and agree that no other payments or benefits of any kind are due and owing to Plaintiffs from JSCM Defendants other than what is set forth in Paragraph 4 of this Agreement.

7. **INCOME TAXATION:** JSCM Defendants make no representations or warranties regarding any tax issues relating to the payment provided for in Paragraph 4 above, and Plaintiffs acknowledge that they have not relied upon any advice from JSCM Defendants or the JSCM Defendants' agents, employees, attorneys or representatives, concerning the taxability of the amounts to be paid under this Agreement or otherwise. In the event that taxes are assessed against Plaintiffs as a result of the payment made hereunder, Plaintiffs shall be solely responsible for the payment of such taxes, interest and/or penalties as may be assessed against them for federal, state and local income taxes and unemployment taxes and shall indemnify and hold the JSCM Defendants including their insurers, harmless for any such liability, interest or penalties related thereto.

8. **NO OTHER CLAIMS:** Plaintiffs represent that they have not filed any complaint or charges, either formal or informal, against JSCM Defendants and/or the Releasees with any other local, state or federal agency or court relating to the matters alleged in the Civil Action. Plaintiffs agree to withdraw the causes of action asserted in Complaint and not to file any other causes of action against the JSCM Defendants arising from any claims that were raised or could have brought against the JSCM Defendants from the beginning of the world up to the date of this Agreement for overtime, commissions, unpaid wages, whether based on common law or otherwise, and specifically includes all claims for unpaid overtime, back pay, improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, severance pay, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with the JSCM Defendants. Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree

that if such an administrative claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

9. **GOVERNING LAW.** The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. The Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than **Paragraph 2** of this Settlement Agreement, as to which all monies paid hereunder must be returned to the JSCM Releasees if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Claimant acknowledges that she has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

10. **NO REPRESENTATIONS:** The Parties acknowledge that, in making this Agreement, they relied entirely upon their own judgment, belief and interests and the advice of their counsel. The Parties acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, representatives or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties, and supersedes, cancels, and replaces any and all prior and contemporaneous negotiations and all

agreements, arrangements or representations proposed or otherwise, written or oral, concerning the subject matter hereof.

**11. BINDING NATURE OF AGREEMENT.** This Agreement is binding upon, and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, executors, successors, assigns and legal representatives. It is expressly recognized that each of the JSCM Releasees are beneficiaries of this Agreement.

**12. NO CONSTRUCTION AGAINST DRAFTER.** This Agreement is the product of negotiation among Plaintiffs and JSCM Defendants and/or their respective counsel and shall be deemed as having been prepared jointly by Plaintiffs and JSCM Defendants and/or their respective counsel. In interpreting the text of this Agreement, no presumption against the drafter of any provision shall be made.

**13. MULTIPLE COUNTERPARTS:** Plaintiffs and JSCM Defendants agree that this Agreement can be signed in counterparts that, together, shall constitute an original. Plaintiffs and the JSCM Defendants further agree that copies of the executed Agreement shall be deemed as effective as an original.

**14. REVIEW PERIOD.** Plaintiffs acknowledge that they have been advised to consult with an attorney before signing this Agreement and to the extent that they have wished to, have done so. Plaintiffs also acknowledge and understand that they have been offered a period of 21 days to review and consider this document before signing it, and that they may revoke it within 7 days after signing it. Such revocation is effective upon receipt of written notice by verified delivery on or before 5:00 p.m. on the seventh day after their execution of this Agreement to Elizabeth R. Gorman, Esq. counsel for Defendants, Milber Makris Plousadis &

Seiden, LLP, 1000 Woodbury Road, Suite 402, Woodbury, New York 11797. The Agreement shall not become effective or enforceable until the 7-day period has expired.

If it is revoked, the Plaintiffs will not receive the payments or benefits described in Paragraph 4 of this document. Failure to deliver a written revocation notice after 7 days will automatically signify that no revocation is being made and that this Agreement is fully effective and enforceable.

15. **Headings.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

16. BY SIGNING THIS SETTLEMENT AGREEMENT, PLAINTIFFS **AFFIRM**:

THEY HAVE READ IT;

THEY UNDERSTAND IT, AND KNOW THAT THEY ARE GIVING UP IMPORTANT RIGHTS;

THEY AGREE WITH EVERYTHING IN IT;

THEY HAVE BEEN ADVISED TO CONSULT WITH THEIR ATTORNEYS PRIOR TO EXECUTING THIS SETTLEMENT AGREEMENT;

THEY HAVE SIGNED THIS SETTLEMENT AGREEMENT KNOWINGLY AND VOLUNTARILY.

THE PARTIES REPRESENT AND WARRANT THAT THE ATTORNEYS' FEES PORTION OF THE SETTLEMENT PAYMENT IS FAIR AND REASONABLE.

17. **ENTIRE AGREEMENT:** This Agreement sets forth the entire Agreement between the Plaintiffs and Defendants and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

_____
**Eleazar Dolores**

Dated: ~~September~~October___, 2017

STATE OF NEW YORK    )
                                          )   ss.:
COUNTY OF                    )

On ~~September~~October ___, 2017, before me came Eleazar Dolores, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

_____
Notary Public

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

_____
**Moises Dolores**

Dated: ~~September~~October __, 2017

STATE OF NEW YORK  )
                   )  ss.:
COUNTY OF          )

On ~~September~~October __, 2017, before me came Moises Dolores, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

_____
Notary Public

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

**HAE JOO MINN individually and on behalf of JSCM CORP D/B/A TAL BAGELS, INC.:**

Dated: ~~September~~October __, 2017

_____
Print Name

_____
Sign Name

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF            )

On ~~September~~October __, 2017, before me came Hae Joo Minn, to me known, who executed the foregoing Agreement, and duly acknowledged to me that she executed same as her act for the purposes expressed herein.

_____
Notary Public

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

**SUNG KEY MINN, individually**

Dated: ~~September~~October __, 2017

_____
Print Name

_____
Sign Name

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF            )

On ~~September~~October __, 2017, before me came Sung Key Minn, to me known, who executed the foregoing Agreement, and duly acknowledged to me that he executed same as his act for the purposes expressed herein.

_____
Notary Public

**[END OF DOCUMENT.]**

# Exhibit A

Hope Pordy
SPIVAK LIPTON LLP
1700 Broadway
New York, New York 10019
Tel: (212) 765-2100
Fax: (212) 541-5429
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELEAZAR DOLORES and MOISES DOLORES, individually, and on behalf of similarly-situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>JSCM CORP., d/b/a TAL BAGELS, INC., HAE JOO MINN, and SUNG KEY MINN,<br><br>Defendants. | Case No.: 17-cv-4152 (GHW)<br><br>**STIPULATION**<br>**DISCONTINUING ACTION** |

IT IS HEREBY STIPULATED AND AGREED by the parties herein that the above-entitled action, together with all cross-claims and counterclaims, be and the same is, hereby discontinued, with prejudice and without costs to any party and this stipulation may be filed with the Clerk of the Court without further notice.

Dated: New York, New York
    October 12, 2017

SPIVAK LIPTON LLP
*Attorneys for Plaintiffs*
1700 Broadway, 21st Floor
New York, NY 10019
Tel No: (212) 765-2100
Fax No.: (212) 765-8954
Email: hpordy@spivaklipton.com

By: _____
    Hope Pordy

Elizabeth R. Gorman
Zachary T. Tortura
MILBER, MAKRIS PLOUSADIS
& SEIDEN, LLP
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
Tel: (516) 712-4000
*Attorneys for Defendants*

By: _____
    Elizabeth R. Gorman, Esq.,

# Exhibit B

## Settlement Breakdown

|  |  | Apportionment Based on % | 30% Backpay (W-2) | 70% Other (1099) |
|---|---|---|---|---|
| TOTAL SETTLEMENT AMOUNT | $ 44,000.00 | | | |
| Costs | $ 700.00 | | | |
| Offer Net of Costs | $ 43,300.00 | | | |
| Attorneys' Fees | $ 14,433.33 | | | |
| Offer Apportioned to Plaintiffs | $ 28,866.67 | | | |
| Eleazar Dolores | | 60% $ 17,320.00 | $ 5,196.00 | $ 12,124.00 |
| Moises Dolores | | 40% $ 11,546.67 | $ 3,464.00 | $ 8,082.67 |
| Spivak Lipton LLP (Attorneys' Fees + Costs) | $ 15,133.33 | | | |